IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-02295-CMA-NYW

FIDOTV CHANNEL, INC., a Colorado corporation,

    Plaintiff,

v.

THE INSPIRATIONAL NETWORK, INC., a North Carolina nonprofit corporation,

    Defendant.

# ORDER DENYING
# DEFENDANT'S MOTION TO STRIKE CERTAIN ALLEGATIONS IN COMPLAINT

This matter is before the Court on Defendant The Inspiration Network, Inc's Motion to Strike Certain Allegations in Plaintiff FidoTV Channel, Inc.'s Complaint (the "Motion to Strike"). (Doc. # 20.) The Court denies Defendant's Motion to Strike for the reasons described below.

## I.     BACKGROUND

Plaintiff provides a cable television channel "on dogs for dog lovers." (Doc. # 5 at 1.) Defendant is a media company that provides operational support, satellite uplink services, and transponder time to connect channels to cable, satellite television, and telecom video distributors throughout the country. (Doc. # 20 at 1.) In February 2015, Plaintiff and Defendant entered into a Network Operations Services Agreement (the "Agreement"), the purpose of which was for Defendant to provide network services to

carry Plaintiff's channel to cable and satellite television distributors. *See* (Doc. # 5 at 10–20.)

The dispute between the parties arises from Plaintiff's alleged failure to make payments for month 33 (July 2018) and month 34 (August 2018) under the terms of the Agreement. The parties disagree on how much Plaintiff owed for these two months and when payment was due because the Agreement addresses payment inconsistently in two places—its main terms and in its Services and Fees Exhibit. *See* (Doc. # 5 at 11, 19.) The Court need not detail the parties' factual allegations and the relevant content of the Agreement for purposes of deciding Defendant's Motion to Strike.

Plaintiff initiated this action in the District Court for the City and County of Denver, Colorado, on August 30, 2018. (*Id.*) It asserts two claims against Defendant: (1) breach of contract, and (2) breach of the implied covenant of good faith and fair dealing. (*Id.* at 5–7.) Plaintiff alleges that Defendant issued violated the Agreement and its implied covenants by issuing "false and misleading invoices," refusing to apply Plaintiff's $100,000 deposit to cure past due amounts, and by failing to provide Plaintiff with a reasonable period of time to migrate its content to another service provider and to inform its stakeholders that the channel "is going dark." (*Id.*)

On the same day that Plaintiff filed suit, the Denver District Court granted Plaintiff a requested *ex parte* temporary restraining order that was set to expire on September 13, 2018. (Doc. # 6.) Defendant removed the action to this Court on September 6, 2018. (Doc. # 1.) On September 7, 2018, Plaintiff filed with this Court a Motion for an Emergency Hearing to Extend the Temporary Restraining Order issued by the state

court.  (Doc. # 7.)  This Court conducted hearings on Plaintiff's request and its request for preliminary injunction on September 12 and 28, 2018.  (Doc. ## 19, 33.)  On September 28, 2018, the Court ruled that the Agreement was ambiguous and the parties' intentions at the time of executing the Agreement were unclear.  *See* (Doc. # 33.)  The meaning of the Agreement is therefore for a jury to decide.

The Court issued Plaintiff a preliminary junction on September 28, 2018, barring Defendant from terminating service under the Agreement through November 30, 2018, subject to Plaintiff posting bond in the amount of $335,000.00.  (Doc. # 34.)  The preliminary injunction expires at 11:50 PM MDT on November 30, 2018.  (*Id.*)

Separately, on September 20, 2018, Defendant filed the Motion to Strike now before this Court.  (Doc. # 20.)  Defendant seeks to strike three paragraphs from Plaintiff's Complaint (Doc. # 5) pursuant to Federal Rule of Civil Procedure 12(5).  (*Id.* at 1.)  The following paragraphs are at issue:

> 12. On September 16, 2016, [Defendant's Chairman and CEO, David Cerullo], along with another FidoTV Director representing the American Kennel Club ("AKC"), which was the largest Series A Preferred Shareholder, without notice or opportunity to be heard to FidoTV, its CEO or other Series A Preferred Shareholders, colluded to elect two additional Directors to the Board of FidoTV – Carl C. Ashby, III, representing AKC, and Mark A. Kramer, representing Defendant – thereby increasing AKC's and Defendant's voting power and influence on the FidoTV Board. . . .
>
> 15. Upon information and belief, during the period of May 2017 to October 2017, during which Cerullo and Kramer were still on the board of FidoTV, a representative of Defendant provided confidential information that was available only to Board Members of FidoTV to one or more of FidoTV's vendors and urged that vendor(s) not to settle a programming and production dispute with FidoTV. If one or both of Defendant's Directors knew of and participated in these actions, upon information and belief it would constitute a breach of such Director's fiduciary duties to FidoTV and its shareholders. Upon information and belief, such actions also would

3

> constitute the tortious interference with contract and prospective business advantage. . . .
>
> 28. Upon information and belief, Defendant's actions described above and its threatened termination of its Services resulting in the loss of FidoTV's channel are part of a scheme to gain control of the content and intellectual property of FidoTV. This belief is supported by the fact that if Defendant is allowed to terminate its satellite uplink and transponder services suddenly and cause the FidoTV channel to go dark, Defendant's 504,000 Series A Preferred Shares in FidoTV would lose value or become worthless. Such action by Defendant would be nonsensical unless it has some ulterior motive for terminating the FidoTV Channel.

(Doc. # 5 at 2–3, 5); *see* (Doc. # 20.) Defendant argues that these paragraphs must be stricken because "they aver irrelevant, scurrilous conduct by Cerullo, Kramer, and [Defendant.]" (Doc. # 20 at 3.) Plaintiff filed its Response on October 11, 2018, arguing that its allegations in Paragraphs 12, 15, and 28 bear on the interpretation of the Agreement, affirmative defenses, and damages, and are not scandalous. (Doc. # 38.) Defendant filed a Reply in support of its Motion to Strike on October 24, 2018. (Doc. # 40.)

## II.  **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The rule's purpose is to conserve time and resources by avoiding litigation of issues that will not affect the outcome of the case. *See Sierra Club v. Tri-State Generation and Transmission Ass'n, Inc.*, 173 F.R.D. 275, 285 (D. Colo. 1997) (citing *United States v. Smuggler-Durant Mining Corp.*, 823 F. Supp. 873, 875 (D. Colo. 1993)). However, Rule 12(f) motions are a drastic remedy and are generally disfavored by the courts. 5C Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1380 (3d ed. 2011).

4

The movant bears a "heavy" burden of proof. *Holzberlein v. OM Fin. Life Ins. Co.*, Case No. 08-cv-02053-LTB, 2008 WL 5381503, at *1 (D. Colo. Dec. 22, 2008). As the Court has previously explained:

> Allegations will not be stricken as immaterial under this rule unless they have **no possible bearing on the controversy**. . . . Even where the challenged allegations fall within the categories set forth in the rule, a party must usually make a showing of prejudice before the court will grant a motion to strike. . . . Irrelevant allegations will be stricken as scandalous only if they degrade defendants' moral character, contain repulsive language, or detract from the dignity of the court. . . .

*Sierra Club*, 173 F.R.D. at 285 (emphasis added) (internal citations omitted). Additionally, regardless of whether the moving party has met its burden, discretion remains with the Court to grant or deny a motion to strike. *See* Fed. R. Civ. P. 12(f) (denoting only that allegations which are subject to Rule 12(f) "may" be stricken).

### III. ANALYSIS

Defendant fails to meet its heavy burden of proof under Rule 12(f). Paragraphs 12, 15, and 28 cannot be stricken as immaterial because they may bear on Plaintiff's claims; on both parties' affirmative defenses of estoppel, waiver, and unclean hands; and on damages. For example, the allegations in Paragraphs 12, 15, and 28 are relevant to Defendant's assertion that Plaintiff's claims are "barred based upon the defenses of estoppel, waiver, and unclean hands due to, among other things, [Plaintiff's] breaches of the [Agreement.]" (Doc. # 21 at 8.) Plaintiff also asserts these affirmative defenses in response to Defendant's counterclaims. (Doc. # 37 at 6.) The affirmative defense of unclean hands "means, in general, that equity will not aid a party whose **conduct** has been 'unlawful, unconscionable, or inequitable,'" *Springfield Holding Co.*

5

*Ltd. LLC v. Stone*, 335 F. App'x 699, 706–07 (10th Cir. 2009) (emphasis added) (quoting *Houston Oilers, Inc. v. Neely*, 361 F.2d 36, 42 (10th Cir. 1966)), so long as the conduct in question is "confined to . . . events connected with the matter in litigation so that it in some matter affects the equitable relations of the parties to the suit," *McCollough Tool Co. v. Well Surveys*, 395 F.2d 230, 238 (10th Cir. 1968). By asserting the affirmative defense of unclean hands, the parties have thereby invited an examination of their conduct, including their motives, that may have affected the balance of equities between them. The allegations in Paragraphs 12, 15, and 28 concern conduct by Defendant that, if true, would have affected the equitable relations between the parties. Paragraphs 12, 15, and 28 therefore may bear on the resolution of the parties' dispute. Accordingly, they should not be stricken under Rule 12(f). *See Sierra Club*, 173 F.R.D. at 285 ("Allegations will not be stricken as immaterial under this rule unless they have no possible bearing on the controversy.")

## IV. CONCLUSION

For these reasons, the Court DENIES Defendant's Motion to Strike (Doc. # 20).

DATED: November 30, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

6