IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 1:18-cv-02295-CMA-NYW

FIDOTV CHANNEL, INC., *a Colorado corporation*,

    Plaintiff,

v.

THE INSPIRATIONAL NETWORK, INC., *a North Carolina nonprofit corporation*,

    Defendant.

---

**ORDER AFFIRMING AND ADOPTING THE APRIL 29, 2019 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND JOIN PARTIES**

---

This matter is before the Court upon the April 29, 2019 Recommendation of United States Magistrate Judge Nina Y. Wang that this Court grant in part and deny in part Plaintiff FidoTV Channel, Inc.'s Motion for Leave to Amend Complaint and Join Parties ("Motion for Leave to Amend Complaint") (Doc. # 58). (Doc. # 69.) Plaintiff objects to one portion of Magistrate Judge's Recommendation. (Doc. # 70.) For the reasons described herein, the Court affirms and adopts the Recommendation and grants in part and denies in part Plaintiff's Motion for Leave to Amend Complaint.

## I.     BACKGROUND

The Magistrate Judge's Recommendation thoroughly recites the factual and procedural background of this litigation and is incorporated herein by reference. *See* 28

U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  Accordingly, this Order will reiterate only what is necessary to address Plaintiff's Objection.

Plaintiff provides a cable television channel "on dogs for dog lovers." (Doc. # 5 at 1.)  Defendant The Inspirational Network, Inc., ("Defendant Inspiration") is a media company that provides operational support, satellite uplink services, and transponder time to connect channels to cable, satellite television, and telecom video distributors throughout the country.  (Doc. # 20 at 1.)  In February 2015, Plaintiff and Defendant Inspiration entered into a Network Operations Services Agreement (the "Agreement"), the purpose of which was for Defendant Inspiration to provide network services to carry Plaintiff's channel to cable and satellite television distributors.  *See* (Doc. # 5 at 10–20.)  The dispute between Plaintiff and Defendant Inspiration concerns payments owed for month 33 (July 2018) and month 34 (August 2018) under the terms of the Agreement.  The Court need not detail the parties' factual allegations and the relevant content of the Agreement for purposes of considering Plaintiff's Objection to the Recommendation.

Plaintiff initiated this action on August 30, 2018, and asserts two claims against Defendant Inspiration: (1) breach of contract, and (2) breach of the implied covenant of good faith and fair dealing.  (*Id.* at 5–7.)  Plaintiff also sought injunctive relief (*id.* at 6), which this Court granted in the form of a preliminary injunction on September 28, 2018 (Doc. ## 33–34).  The preliminary injunction barred Defendant Inspiration from terminating service under the Agreement through November 30, 2018, subject to Plaintiff's posting of a $335,000 bond.  (Doc. # 34.)  The preliminary injunction expired at 11:59 PM on November 30, 2018.  (*Id.* at 2.)

On January 18, 2019, Defendant Inspiration produced several documents to Plaintiff. *See* (Doc. # 58 at 1.) The deadline for the amendment of pleadings and joinder of parties was approximately two weeks later, on January 31, 2019. *See* (Doc. ## 47, 54.) On January 31, 2019, Defendant Inspiration filed a Second Amended Answer (Doc. # 57), and Plaintiff filed its Motion for Leave to Amend Complaint (Doc. # 58).

Relevant here, Plaintiff moves amend its Complaint to join Mark Kramer and David Cerullo as defendants, "to provide extensive new and updated factual allegations based on the new documentary evidence" Defendant Inspiration produced on January 18, 2019, and to "update and add claims as follows:"

>  1. Update First Claim for Relief (Breach of Contract against [Defendant Inspiration]);
> 2. Update Second Claim for Relief (Breach of the Implied Covenant of Good Faith and Fair Dealing against [Defendant Inspiration]);
> 3. Add Third Claim for Relief (Breach of Fiduciary Duty against Defendant Kramer);
> 4. Add Fourth Claim for Relief (Breach of Fiduciary Duty against Defendant Cerullo);
> 5. Add Fifth Claim for Relief (Aiding and Abetting Breach of Fiduciary Duty against Defendants [Inspiration], Cerullo, and Kramer);
> 6. Add Sixth Claim for Relief (Tortious Interference with Prospective Business Advantage against [Defendants Inspiration], Kramer and Cerullo); and
> 7. Update and amend the Prayer for Relief.

(Doc. # 58 at 1–2.) Defendant Inspiration filed its Response in opposition to Plaintiff's Motion for Leave to Amend Complaint on February 18, 2019, arguing that the Court should deny Plaintiff's request for three reasons: (1) "the proposed new claims are futile;" (2) Plaintiff "exercised undue delay in bringing these new claims;" and (3) Plaintiff's motion "serves an improper purpose—to use the Court to avoid its contractual

3

obligations under the [Agreement]—that transforms the action into a brand new lawsuit by adding completely new claims that lack merit." (Doc. # 62 at 2–3.) Plaintiff replied in support of its Motion for Leave to Amend Complaint on March 4, 2019. (Doc. # 63.)

On April 29, 2019, Magistrate Judge Wang issued her Recommendation on Plaintiff's Motion for Leave to Amend, concluding that the Court should grant in part and deny in part the motion. (Doc. # 69.) With respect to the joinder of Kramer and Cerullo, the supplementation to allegations in Plaintiff's first and second claims, and the addition of Claims Three, Four, and Five, Magistrate Judge Wang rejected Defendant's arguments and recommended that Plaintiff's motion be granted. (*Id.* at 4–23.)

Magistrate Judge Wang's assessment of Plaintiff's proposed sixth claim, for tortious interference with prospective business advantage, is at issue in Plaintiff's Objection. (Doc. # 70.) As to Claim Six, Magistrate Judge Wang agreed with Defendant Inspiration's argument that its addition would be futile with respect to Plaintiff's allegations about its investors and vendors; she wrote, "the proposed Amended Complaint fails to state a tortious interference claim relating to Plaintiff's investors and vendors." (*Id.* at 16–19.) However, Magistrate Judge Wang determined that Plaintiff's proposed sixth claim was **not** futile as to Plaintiff's allegations about its "relationship with the American Kennel Club" because Plaintiff's allegations were "sufficient to state a plausible tortious interference claim against Defendants relating to [Plaintiff's] relationship with the American Kennel Club." (*Id.*) Accordingly, Magistrate Judge Wang recommended that Plaintiff's Motion for Leave to Amend Complaint "be

4

granted in part as to Claim 6 **as limited to [the] American Kennel Club**." (*Id.* at 19) (emphasis added).

Plaintiff filed its Objection to the Recommendation on May 13, 2019, taking issue with it only "to the limited extent that Magistrate [Judge] Wang recommends granting Claim [Six] only in part." (Doc. # 70 at 1.) Plaintiff requests leave to amend the Complaint to add Claim Six "in its entirety," not just as limited to allegations concerning the American Kennel Club. (*Id.* at 5.)

Defendant Inspiration responded to Plaintiff's Objection on May 24, 2019. (Doc. # 71.) It asserts that "the Recommendation with respect to denying part of Claim [Six] should be adopted." (*Id.* at 2.)

## II.     APPLICABLE LEGAL PRINCIPLES

### A.     REVIEW OF A RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

5

### B. AMENDMENT OF A PLEADING

Federal Rule of Civil Procedure 15(a)(2) directs a trial court to "freely give leave [to amend a complaint] when justice so requires." The rule is intended "to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Mintowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). However, if there is "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, **futility of the amendment**, etc.—the leave sought" need not be granted. *Minter*, 451 F.3d at 1204 (emphasis added) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "The grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Id.* (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1970)).

### III. ANALYSIS

As the Court explained above, neither party objects to Magistrate Judge Wang's recommendation that the Court grant Plaintiff's Motion for Leave to Amend Complaint as to the joinder of Kramer and Cerullo, the supplementation to Claims One and Two, and the addition of Claims Three through Five. *See* (Doc. # 70 at 1; Doc. # 71 at 2 n.1.) Seeing no clear error in Magistrate Judge Wang's analysis, *see* (Doc. # 69), the Court affirms and adopts the Recommendation as to Claims One through Five and grants Plaintiff leave to amend those claims.

6

Plaintiff objects only to Magistrate Judge Wang's assessment of its proposed Claim Six, a claim for tortious interference with prospective business advantage against Defendants Inspiration, Kramer, and Cerullo. (Doc. # 70 at 1; Doc. # 58 at 2.) Plaintiff's proposed sixth claim reads:

> 63. [Plaintiff] realleges paragraphs 1 through 62 above as if fully set forth herein.
> 64. Upon information and belief, [Defendants Inspiration], Kramer, and Cerullo intentionally induced [**American Kennel Club ("AKC")**] not to use [Plaintiff] for prospective programming services. In addition, [Defendants Inspiration], Kramer, and Cerullo intentionally induced AKC not to enter into a financing arrangement with [Plaintiff].
> 65. Upon information and belief, [Defendants Inspiration], Kramer, and Cerullo intentionally prevented [Plaintiff] from continuing the prospective arrangement programming and financing arrangements with AKC.
> 66. Upon information and belief, [Defendants Inspiration], Kramer, and Cerullo intentionally interfered with [Plaintiff]'s prospective distribution arrangement with **Dish** and prevented [Plaintiff] from continuing its distribution arrangements with Dish.
> 67. Upon information and belief, [Defendants Inspiration], Kramer, and Cerullo intentionally induced **other potential investors** not to invest in [Plaintiff].
> 68. [Plaintiff] was damaged in an amount to be determined at trial by Defendants Cerullo's, Kramer's, and [Inspiration]'s tortious interference.
> 69. [Plaintiff] is entitled to judgment against Defendants Cerullo, Kramer, and [Inspiration] for damages in an amount to be determined at trial.

(Doc. # 58-3 at 14–15) (emphasis added).

**A. A CLAIM FOR TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE**

Colorado law recognizes a tort of interference with prospective business advantage and follows the Restatement (Second) of Torts §§ 766–68 in determining liability under such a claim. *See Dolton v. Capitol Fed. Sav. & Loan Ass'n*, 642 P.2d 21, 23 (Colo. App. 1981); *Nobody in Particular Presents, Inc. v. Clear Channel Commc'ns, Inc.*, 311 F. Supp. 2d 1048, 1117 (D. Colo. 2004). To assert a claim for tortious

interference with prospective business advantage, a plaintiff must allege: (1) that the defendant either induced a third person not to enter into or continue a contractual relationship with the plaintiff, or prevented the plaintiff from acquiring or continuing the prospective relationship; (2) that the defendant did so intentionally; and (3) that the defendant used improper means to do so. *L-3 Commc'ns Corp. v. Jaxon Eng'g & Maint.*, Inc., 863 F. Supp. 2d 1066, 1085–86 (D. Colo. 2012) (citing *MDM Assocs., Inc. v. CX Reinsurance Co.*, 165 P.3d 882, 886 (Colo. App. 2007)). It is not necessary for the plaintiff to prove an underlying contract; "[i]t is sufficient to show intentional and improper interference preventing formation of a contract." *Dolton*, 642 P.2d at 23. "However, a protected relationship exists only if there is a reasonably likelihood or probability that a contract would have resulted; there must be something beyond a mere hope." *Klein v. Grynberg*, 44 F.3d 1497, 1506 (10th Cir. 1995).

**B.    MAGISTRATE JUDGE WANG'S ANALYSIS**

Magistrate Judge Wang first determined that Plaintiff fails to state a tortious interference claim relating to "Dish" and "other potential investors" and that allowing amendment of Plaintiff's sixth claim as to Dish and other potential investors would therefore be futile. (Doc. # 69 at 17–18.) She observed that "there are no factual allegations" as to how a board member of Defendant Inspiration's leak of confidential information to two of Plaintiff's vendors "interfered with Plaintiff's prospective or continued business relationship with these vendors" and that the proposed Amended Complaint "contains only conclusory allegations" about Defendants' interference with Plaintiff's relationship with Dish. (*Id.*) Given the dearth of allegations concerning Dish

8

and other potential investors, Magistrate Judge Wang found the corresponding portions of Plaintiff's sixth claim to be "insufficient to plead a plausible tortious interference claim." (*Id.* at 18.)

Second, Magistrate Judge Wang concluded that Plaintiff's proposed Amended Complaint "plead[s] a plausible tortious interference claim relating to [its] relationship with [the] American Kennel Club" and that allowing amendment of the Complaint to include these allegations would therefore not be futile. (*Id.* at 18–19.) Magistrate Judge Wang noted that Plaintiff specifically alleges in the Amended Complaint that Defendants proposed to the American Kennel Club a new venture "out of the rubble" of Plaintiff's company and that the American Kennel Club subsequently did not invest in Plaintiff and withdrew its representatives from Plaintiff's board of directors. (*Id.* at 18); *see* (Doc. # 58-3 at 3–7, 9). These allegations, she wrote, are "sufficient to state a plausible tortious interference claim against Defendants relating to [Plaintiff's] relationship with [the] American Kennel Club." (Doc. # 69 at 18.) She therefore recommended that Plaintiff's Motion for Leave to Amend Complaint "be granted in part as to Claim [Six] as limited to [the] American Kennel Club." (*Id.* at 19.)

**C.    PLAINTIFF'S PARTIAL OBJECTION**

Plaintiff objects only to Magistrate Judge Wang's recommendation that the Court deny Plaintiff's Motion for Leave to Amend as to the allegations in Claim Six about Dish and other potential investors. (Doc. # 70 at 1.) Plaintiff argues that this portion of the Recommendation should not be adopted because: (1) the Court "must consider" the allegations about Dish and other potential investors in paragraphs 66 and 67 of its

proposed Amended Complaint "not as isolated paragraphs, but . . . as part of the entirety of Claim [Six];" and (2) Defendant Inspiration will not be prejudiced by the addition of these allegations because "Defendants understand [Plaintiff's] claims, including Claim [Six], and can litigate them." (*Id.* at 3–5.) Alternatively, Plaintiff requests leave to amend its proposed Amended Complaint to include "more detailed pleading in support of Paragraphs 66 and 67 on Claim [Six]." (*Id.* at 4–5.)

The Court is not persuaded by Plaintiff's Objection. As Defendants assert, Plaintiff's proposed Amended Complaint makes only vague, conclusory assertions about Dish and other potential investors. *See* (Doc. # 71 at 3.) For instance, only in paragraph 66 does Plaintiff mention Dish, and that paragraph is utterly devoid of specific allegations about **how** Defendants interfered with Plaintiff's distribution arrangement with Dish. *See* (Doc. # 58-3 at 14.) Plaintiff simply fails to plead a tortious interference claim with respect to its business relations with Dish and other potential investors in its proposed Amended Complaint. It would be futile for the Court to grant Plaintiff leave to make these allegations. Additionally, the Court declines to grant Plaintiff permission to further amend its proposed Amended Complaint because Plaintiff knew all pertinent information at the time it filed the Motion for Leave to Amend Complaint and its proposed Amended Complaint; in other words, there are no new allegations left for Plaintiff to raise.

The Court therefore affirms Magistrate Judge Wang's recommendation that the Court deny Plaintiff's Motion for Leave to Amend Complaint as to the portion of Claim Six concerning Dish and other potential investors.

## IV.     CONCLUSION

For the foregoing reasons, the Court ORDERS:

1. The April 29, 2019 Recommendation (Doc. # 69) is AFFIRMED AND ADOPTED.

2. Plaintiff's Motion for Leave to Amend Complaint (Doc. # 58) is DENIED IN PART as to its allegations in Claim Six concerning Dish and other potential investors.

3. Plaintiff's Motion for Leave to Amend Complaint (Doc. # 58) is GRANTED IN PART as to all other portions of its proposed Amended Complaint.

4. Plaintiff shall file an Amended Complaint in accordance with this Order within ten (10) days of the issuance of this Order.


DATED: July 9, 2019

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge