# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Christine M. Arguello

Civil Action No. 18-cv-02295-CMA-NYW

FIDOTV CHANNEL, INC.,

     Plaintiff,

v.

THE INSPIRATIONAL NETWORK, INC.,
MARK KRAMER, and
DAVID CERULLO

     Defendants.

---

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND GRANTING DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF PETER HAMILTON

---

This matter is before the Court on Plaintiff's Motion for Reconsideration of the Court's Order Granting Partial Summary Judgment Dismissing Claims Three, Four, Five and Six ("Motion for Reconsideration") (Doc. # 102) and Defendants' Motion to Exclude Testimony of Peter Hamilton Under Federal Rule of Evidence 702 ("Motion to Exclude") (Doc. # 87). For the reasons described herein, the Court denies Plaintiff's Motion and grants Defendants' Motion.

## I.     BACKGROUND

The Court extensively explained the factual background of this case at the October 8, 2019 hearing (Doc. ## 99–100) and in its Order Denying Defendant's Motion

to Strike Certain Allegations in Complaint (Doc. # 28). The Court therefore recounts only the facts necessary to address the instant motions.

Plaintiff provides a cable television channel "on dogs for dog lovers." (Doc. # 5 at 1.) Defendant The Inspirational Network, Inc., ("Defendant Inspiration") is a media company that provides operational support, satellite uplink services, and transponder time to connect channels to cable, satellite television, and telecom video distributors throughout the country. (Doc. # 20 at 1.) Defendant Kramer is the Executive Vice President of Media Operations and Technology Services for Defendant Inspiration and a former member Plaintiff's Board of Directors. Defendant Cerullo is the Chairman and Chief Executive Officer of Defendant Inspiration and a former member of Plaintiff's Board of Directors.

In February 2015, Plaintiff and Defendant Inspiration entered into a Network Operations Services Agreement ("NOSA"), the purpose of which was for Defendant Inspiration to provide network services to carry Plaintiff's channel to cable and satellite television distributors. *See* (Doc. # 5 at 10–20).

On August 30, 2018, Plaintiff filed a Verified Complaint against Defendant Inspiration, alleging claims of breach of contract and breach of the implied covenant of good faith and fair dealing. (Doc. # 5.) Defendant Inspiration removed the case to this Court on September 6, 2018. (Doc. # 1.)

After being given leave to do so by the Court, Plaintiff filed an Amended Complaint on July 18, 2019. (Doc. # 78.) The Amended Complaint named Defendants Kramer and Cerullo as additional defendants and added four claims: (1) breach of

fiduciary duty against Defendant Kramer, (2) breach of fiduciary duty against Defendant Cerullo, (3) aiding and abetting breach of fiduciary duty against all Defendants, and (4) tortious interference with prospective business advantage against all Defendants.

Defendants filed an Answer on July 19, 2019, that denied all of Plaintiff's claims, asserted various affirmative defenses, and brought counterclaims against Plaintiff for breach of contract and declaratory judgment. (Doc. # 80.)

Defendants filed a Motion for Summary Judgment on August 1, 2019, as to all of Plaintiff's claims. (Doc. # 88.) Defendants argued, *inter alia*, that they were entitled to summary judgment because Plaintiff failed to prove damages for its contract claims—i.e., breach of contract and breach of the implied covenant of good faith and fair dealing—and failed to prove damages or causation for its remaining claims—i.e., breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and tortious interference with prospective business advantage.

Also on August 1, 2019, Defendants filed a Motion to Exclude Testimony of Peter Hamilton Under Federal Rule of Evidence 702. (Doc. # 87.)[1] Defendants argued that Peter Hamilton's testimony should be excluded because he is not sufficiently qualified to provide expert testimony and his methodology is unreliable.

The Court held a hearing on Defendants' Motion for Summary Judgment and Motion to Exclude on October 8, 2019. (Doc. ## 99–100.) At the hearing, the Court granted Defendants' Motion for Summary Judgment as to Plaintiff's third, fourth, fifth,

---

[1] Plaintiff retained Mr. Hamilton to "calculate FidoTV's damages resulting from the loss of and inability to reinstate the DISH carriage and to provide expert testimony on the structure and valuation of the network television industry." (Doc. # 92 at 1.)

and sixth claims—i.e., breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and tortious interference with prospective business advantage—and denied Defendants' Motion as to Plaintiff's first and second claims—i.e., breach of contract and breach of the implied covenant of good faith and fair dealing.

Also at the hearing, the Court heard oral argument as to whether Mr. Hamilton's proposed testimony is relevant to Plaintiff's remaining claims. The Court found that Mr. Hamilton's testimony on damages is not relevant, noting that Mr. Hamilton's expert report itself qualifies that it does not include damages directly stemming from Defendant Inspiration's alleged breach of contract or breach of the implied covenant of good faith and fair dealing. *See* (Doc. # 92-1 at 4 n.1) (indicating the damages model is "exclusive of costs that FIDOTV incurred specifically as a result of the Inspirational Network, Inc.'s breach of contract in August 2018."). The Court granted Defendants' Motion to Exclude in part, ruling that Mr. Hamilton's testimony as to damages is inadmissible, and reserved ruling on the admissibility of Mr. Hamilton's proposed testimony on the structure and valuation of the network television industry.

On October 18, 2019, Plaintiff filed the instant Motion for Reconsideration. (Doc. # 102.) The Motion is ripe for the Court's review. (Doc. ## 102, 106, 107.)

## II.    APPLICABLE LEGAL PRINCIPLES

## A.    MOTION FOR RECONSIDERATION

The Federal Rules of Civil Procedure do not explicitly authorize a motion for reconsideration. However, the Rules allow a litigant who was subject to an adverse judgment to file a motion to change the judgment pursuant to Rule 59(e) or a motion

seeking relief from the judgment pursuant to Rule 60(b). *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

The Tenth Circuit recognizes three basic grounds upon which a motion for reconsideration may be granted: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion for reconsideration is appropriate to correct clear error or prevent manifest injustice "where the court has misapprehended the facts, a party's position, or the controlling law." *Id*.

The grounds warranting reconsideration are limited and occur only in "exceptional situation[s]." *Proctor & Gamble v. Haugen*, 222 F.3d 1262, 1271 (10th Cir. 2000). A motion for reconsideration is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing. *See Van Skiver*, 952 F.2d at 1243; *see also Servants of the Paraclete*, 204 F.3d at 1012 ("Absent extraordinary circumstances ... the basis for the second motion must not have been available at the time the first motion was filed."). "In addition, 'arguments raised for the first time in a motion for reconsideration are not properly before the Court and generally need not be addressed.'" *Sump v. Fingerhut, Inc.*, 208 F.R.D. 324, 327 (D. Kan. 2002) (quoting *United States v. Castillo-Garcias*, 117 F.3d 1179, 1197 (10th Cir. 2007)).

## B.    FEDERAL RULE OF EVIDENCE 702

Rule 702 imposes on a district court a gatekeeper obligation to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable."

*Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). In determining whether expert testimony is admissible, the court generally employs a three-step process. First, it must first determine whether the expert is qualified "by knowledge, skill, experience, training, or education" to render an opinion. *Id.* at 124. Second, if the expert is sufficiently qualified, the court must determine whether the proposed testimony is sufficiently "relevant to the task at hand," such that it "logically advances a material aspect of the case." *Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 884, 884 n.2 (10th Cir. 2005). Third, the court examines whether the expert's opinion "has 'a reliable basis in the knowledge and experience of his [or her] discipline.'" *Id.* (quoting *Daubert*, 509 U.S. at 592). The proponent of a challenged expert must demonstrate by a preponderance of the evidence that the expert's testimony and opinion are admissible. *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009).

  1. <u>Relevance</u>

  The "touchstone of admissibility of expert testimony is its helpfulness to the trier of fact." *Wilson v. Muckala*, 303 F.3d 1207, 1219 (10th Cir. 2002). "Rule 702's 'helpfulness' standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility." *Daubert*, 509 U.S. at 591–92. As a preliminary matter, whether an expert's testimony is "helpful" depends, in part, on whether that testimony is sufficiently "relevant to the task at hand," such that it "logically advances a material aspect of the case." *Norris*, 397 F.3d at 884 n.2 (citing *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995)). Relevant testimony has a "tendency to make a

fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401(a, b).

## III.    ANALYSIS

### A.    MOTION FOR RECONSIDERATION

Plaintiff argues that two of the grounds to grant a motion for reconsideration—i.e., new evidence previously unavailable and the need to correct clear error or prevent manifest injustice—apply in the instant case. The Court finds that neither basis for reconsideration is appropriate.

#### 1.    New Evidence Previously Unavailable

In its Motion, Plaintiff argues that defense counsel's characterizations of Mr. Sprung's affidavit, (Doc. # 88-1 at 92), at the October 8, 2019 hearing constitute new evidence not previously available. (Doc. # 102 at 6.) Plaintiff's contention is incorrect. Mr. Sprung's affidavit is evidence, but defense counsel's argument concerning that affidavit is not evidence. Mr. Sprung's affidavit was available to Plaintiff at summary judgment. Thus, neither the content of Mr. Sprung's affidavit nor defense counsel's arguments concerning the meaning of the affidavit constitute new evidence previously unavailable. The Court may not grant a motion for reconsideration on this basis. *See Servants of the Paraclete*, 204 F.3d at 1012 ("Absent extraordinary circumstances ... the basis for the second motion must not have been available at the time the first motion was filed.").

#### 2.    Need to Correct Clear Error or Prevent Manifest Injustice

The remainder of Plaintiff's Motion rehashes arguments that were before the

Court on summary judgment or that could have been before the Court on summary judgment. *See Van Skiver*, 952 F.2d at 1243 ("A motion for reconsideration is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."). The Court has already carefully considered the evidence Plaintiff refers to in its Motion. Further, the Court held a two-hour hearing during which counsel for Plaintiff and Defendants offered extensive oral argument on issues related to summary judgment. Plaintiff chose not to depose Mr. Sprung and may not now assert that the Court's consideration of Mr. Sprung's affidavit constitutes manifest injustice. Thus, the Court finds that relief is inappropriate on this basis as well because the Court has not "misapprehended the facts, a party's position, or the controlling law." *See Servants of the Paraclete*, 204 F.3d at 1012.

**B.    MOTION TO EXCLUDE MR. HAMILTON'S TESTIMONY**

The Court finds that the remainder of Mr. Hamilton's proposed testimony is inadmissible for lack of relevance. The Court addresses Mr. Hamilton's proposed testimony on the valuation and structure of the network television industry in turn.

    1.  <u>Mr. Hamilton's Proposed Testimony on the Valuation of the Network Television Industry</u>

The section of Mr. Hamilton's report on valuation of the network television industry concerns Mr. Hamilton's process and methodology for valuing FidoTV for the purpose of his damages calculation. *See* (Doc. # 92-1 at 7). This proposed testimony goes to the claims stricken by the Court and is not relevant to Plaintiff's remaining claims. Therefore, it is inadmissible.

2. <u>Mr. Hamilton's Proposed Testimony on the Structure of the Network Television Industry</u>

Further, the Court does not see any connection between Mr. Hamilton's proposed testimony on the structure of the network television industry and Plaintiff's remaining claims. *See* (*id*. at 5–6). The Court finds that this portion of Mr. Hamilton's testimony would not logically advance any material aspect of the case, *see Norris*, 397 F.3d at 884 n.2, and would not be of consequence in determining the action, *see* Fed. R. Evid. 401(a, b). As such, his testimony on the structure of the network television industry is also inadmissible for lack of relevance. Accordingly, Defendants' Motion is granted as to the remainder of Mr. Hamilton's testimony.

## IV.     **CONCLUSION**

For the reasons stated above, it is ORDERED that Plaintiff's Motion for Reconsideration of the Court's Order Granting Partial Summary Judgment Dismissing Claims Three, Four, Five and Six (Doc. # 102) is DENIED. It is

FURTHER ORDERED that Defendants' Motion to Exclude Testimony of Peter Hamilton Under Federal Rule of Evidence 702 (Doc. # 87) is GRANTED. Mr. Hamilton is precluded from testifying at trial in this matter.

DATED: January 24, 2020

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge