**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 18-cv-02295-CMA-NYW

FIDOTV CHANNEL, INC.,

     Plaintiff,

v.

THE INSPIRATIONAL NETWORK, INC.,

     Defendant.

---

## ORDER

---

This matter is before the Court on Defendant's Brief in Support of its Objections to Plaintiff's Non-Stipulated Exhibit and Deposition Transcript Designations ("Brief") (Doc. # 132), as well as the parties' proposed jury instructions. Defendant's Brief and the parties' proposed jury instructions require this Court to determine whether Section 4(b)(i) of the Network Operations Services Agreement ("NOSA") constitutes an unenforceable penalty clause. For the following reasons, the Court concludes that it does. Additionally, the Court sustains the objections raised by Defendant in its Brief.

## I.    <u>ANALYSIS</u>

### A.    SECTION 4(B)(I)

    1.    <u>Applicable Law</u>

Under North Carolina law, which the parties agree govern the NOSA, a penalty is a sum which a party agrees to pay but which is fixed as a punishment—the threat of

which is designed to prevent the breach—and not as a pre-estimate of probable actual damages. *Knutton v. Cofield*, 160 S.E.2d 29, 34 (N.C. 1968) (citing McCormick, Damages § 146 (1935)); *see* Penalty Clause, Black's Law Dictionary (11th ed. 2019) (defining "penalty clause" as a generally unenforceable "contractual provision that assesses against a defaulting party an excessive monetary charge unrelated to actual harm.").

Whereas liquidated damages are legally recoverable if breach occurs, a penalty is unenforceable. A fixed sum is treated as liquidated damages where "(1) the damages which the parties might reasonably anticipate are difficult to ascertain because of their indefiniteness or uncertainty and (2) . . . the amount stipulated is either a reasonable estimate of the damages which would probably be caused by a breach or is reasonably proportionate to the damages which have actually been caused by the breach.'" *Knutton*, 160 S.E.2d at 34–35 (citing 22 Am.Jur.2d, Damages s 214). In determining whether a fixed sum constitutes a penalty or liquidated damages, a court applying North Carolina law

> will look at the nature of the contract, and its words, and try to ascertain the intentions of the parties; and also will consider that the parties, being informed as to the facts and circumstances, are better able than any one else to determine what would be a fair and reasonable compensation for a breach; but the courts have been greatly influenced by the fact that in almost all the cases the damages are uncertain and very difficult to estimate.

*Id.* (quoting *Bradshaw v. Millikin*, 92 S.E. 161, 163 (N.C. 1917)).

2.     <u>Application</u>

In this action, Defendant The Inspirational Network, Inc. ("Inspiration") seeks damages in excess of $1.5 million pursuant to Section 4(b)(i) of the NOSA, which provides as follows:

> Effect of Termination of this Agreement – "Termination of this Agreement in accordance with its terms by either Fido or Inspiration shall not relieve either party from obligations accruing hereunder prior to such termination, including, without limitation, (x) Fido's obligation to pay all Monthly Fees through the end of the applicable Term in which its breach occurs, or (y) Fido's obligation to pay all Monthly Fees for Services rendered by Inspiration through the date of termination where such termination is due to Inspiration's breach."

(Doc. # 123-1 at 3–4.)

Against the backdrop of the foregoing law, the Court finds that Section 4(b)(i) of the NOSA constitutes an unenforceable penalty clause. First, the provision demands payment by Plaintiff FidoTV Channel, Inc. ("Fido") **of the entire contract** in the event of Fido's breach. This windfall for Inspiration constitutes a sum payable "so large as to be far in excess of the probable damage on breach" and, therefore, is "almost certainly a penalty." Liquidated Damages, Black's Law Dictionary (11th ed. 2019) (quoting P.S. Atiyah, *An Introduction to the Law of Contract*, 316–17 (3d ed. 1981)). Further, the provision is one-sided; it requires that Fido pay the entire contract upon its breach but does not provide a fixed sum that Inspiration must pay upon its breach. This is atypical of liquidated damages provisions and emphasizes the punitive nature of Section 4(b)(i). *Knutton*, 160 S.E.2d at 37 (Bobbitt, J., dissenting) (defining liquidated damages as  "a specific sum of money [that] has been expressly stipulated by the parties . . . as the amount of damages to be recovered **by either party** for a breach of the agreement by

3

the other") (quoting Black's Law Dictionary, Fourth Edition, p. 468). Moreover, Inspiration has not demonstrated either that damages under the NOSA would be difficult to ascertain because of their indefiniteness or uncertainty or that the sum of all payments due under the NOSA, regardless of the timing of the termination of the contract, is a reasonable estimate of the damages that would be caused by Fido's breach. *Knutton*, 160 S.E.2d at 34–35. Accordingly, it is manifest from the Court's review of Section 4(b)(I) and the NOSA in its entirety that Section 4(b)(I) is "an excessive monetary charge unrelated to actual harm," which was designed to threaten and punish Fido rather than compensate Inspiration.

Email correspondence submitted by Inspiration for the Court's consideration of this issue at the motion *in limine* stage supports this conclusion. The email, drafted by a representative of Inspiration, warns as follows:

> Paragraph 4(b)(ii) = Unless Inspiration breaches, Fido needs to remain liable for all fees through the 60 month term. In other words, they cannot avoid fees for the remainder of the 60 month period by breaching the agreement and then having us terminate it. Both parties can agree neither can recover punitive or consequential damages from the other, but allowing Fido to avoid payments for any portion of the 60 month term simply because Fido breached is not fair and is not something we typically see in other agreements. It is certainly not a windfall for MediaComm. This deal was constructed and priced as being a 60 month deal, and unless Inspiration / Mediacomm breaches we need to be paid for the full 60 months

(Doc. # 125-2 at 3.) This correspondence focuses on retribution for breach rather than a reasonable approximation of actual damages. It demonstrates that Section 4(b)(ii) was intended by Inspiration as a punishment—the threat of which was designed to prevent Fido from breaching—and not as a pre-estimate of probable actual damages.

Accordingly, the Court is in agreement with Fido that Section 4(b)(I) constitutes an unenforceable penalty clause.[1]

## B.    DEFENDANT'S BRIEF

In its Brief, Inspiration requests a ruling that Fido is judicially estopped from arguing at trial that Inspiration is not the proper party to seek recovery of counterclaim damages under the NOSA because its wholly-owned subsidiary Media-Comm issued the invoices for which recovery is sought. Inspiration also moves the Court to exclude particular kinds of evidence that go to that argument. The Court agrees with Inspiration. To the extent this issue survives the Court's ruling herein, the Court concludes that FidoTV is judicially estopped from making said arguments, and introducing evidence to that effect, at trial.

Judicial estoppel is an equitable doctrine, invoked by a court at its discretion, that "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Pegram v. Herdrich,* 530 U.S. 211, 227, n. 8 (2000). The doctrine provides that "[w]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *New Hampshire v. Maine*, 532 U.S. 742 (2001)

---

[1] Additionally, the Court notes *sua sponte* that Section 4(b)(i) of the NOSA is internally inconsistent. It provides that termination "shall not relieve either party from obligations accruing hereunder **prior to such termination**", including "Monthly Fees **through the end of the applicable Term** in which its breach occurs." (Doc. # 123-1 at 3–4) (emphasis added). This internal conflict is yet another impediment to enforcing the provision.

(citation omitted). Its "purpose is to protect the integrity of the judicial process" and to "prevent improper use of judicial machinery" "by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Id.* (quotation marks and citations omitted).

Fido has maintained throughout this litigation that Inspiration is the proper party. Fido filed suit against Inspiration in 2018 for alleged false and misleading invoices and is proceeding to trial against Inspiration on that claim. Fido now seeks to preclude Inspiration from claiming damages that stem from those invoices on the basis that they were issued by Media-Comm, not Inspiration. This is a clear departure from Fido's previous position in this litigation. *See, e.g.*, (Doc. # 125-1) (FidoTV's previous counsel stated at a deposition: "when I say 'Inspiration,' I'm talking about the Inspirational Network, Inc., which is a defendant in this case, and-and Media-Comm."). To allow Fido to change its position right before trial because its interests have changed would prejudice Inspiration, which could have, *inter alia*, moved to amend its counterclaim to add Media-Comm as a party. As Fido has failed to present any good explanation for this last-minute change, it is precluded from pursuing this argument at trial. *See* 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4477, p. 782 (1981) (explaining that, "absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory").

## II.    <u>CONCLUSION</u>

For the foregoing reasons, it is ORDERED as follows:

- Section 4(b)(i) of the Network Operations Services Agreement constitutes an unenforceable penalty;

- the objections raised in Defendant's Brief in Support of its Objections to Plaintiff's Non-Stipulated Exhibit and Deposition Transcript Designations (Doc. # 132) are SUSTAINED;

- FidoTV is judicially estopped from arguing at trial that Inspiration is not entitled to damages because Media-Comm is purportedly the proper party; and

- any evidence and testimony FidoTV intends to introduce at trial to support such a theory is hereby excluded.

DATED:  June 11, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge